IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ALGAL PARTNERS, L..P., a          )          CIVIL NO. 13-00562 LEK-BMK
Delaware limited partnership,     )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
JON FREEMAN ELEU SANTOS, AKA      )
SIR JON FREEMAN ELEU SANTOS,      )
AKA JON SANTOS,                   )
                                  )
          Defendant.              )
_____   )


**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON COUNT I OF THE COMPLAINT AND
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT ON DEFENDANT JON FREEMAN
ELEU SANTOS, AKA SIR JON FREEMAN ELEU SANTOS, AKA
JON SANTOS'S COUNTERCLAIM FILED ON JANUARY 14, 2014;
AND DENYING DEFENDANT'S MOTIONS TO DISMISS**

          Before the Court are: (1) Plaintiff Algal Partners,

L.P.'s ("Plaintiff") Motion for Partial Summary Judgment on Count

I of the Complaint and Motion to Dismiss, or in the Alternative,

for Summary Judgment on Defendant Jon Freeman Eleu Santos, AKA

Sir Jon Freeman Eleu Santos, AKA Jon Santos's Counterclaim Filed

on January 14, 2014 ("Plaintiff's Motion"), filed January 22,

2014; [dkt. no. 9;] (2) pro se Defendant Jon Santos's

("Defendant") Motion to Dismiss Complaint, filed January 31, 2014

("Defendant's 1/31/14 Motion"); [dkt. no. 13;] and

(3) Defendant's Motion to Dismiss, filed February 18, 2014

("Defendant's 2/18/14 Motion," collectively "Defendant's

Motions") [dkt. no. 24]. Defendant filed his memorandum in opposition to Plaintiff's Motion on February 18, 2014, and Plaintiff filed its reply on February 20, 2014. [Dkt. nos. 20, 23.] Plaintiff filed its two memoranda in opposition to Defendant's Motions on March 17, 2014, and Defendant filed two documents on that same day, which the Court construes as a supplemental memorandum in support of Defendant's Motions and a supplemental memorandum in support of his opposition to Plaintiff's Motion. [Dkt. nos. 30-33.]

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED and Defendant's Motions are HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff, a Delaware limited partnership, filed its Complaint on October 28, 2013, asserting diversity jurisdiction against Defendant, a Hawai`i resident, related to Defendant's claim of title to property that Plaintiff allegedly owns on and near Kalanikahua Lane in Haiku, Maui ("the Property"). [Complaint at ¶¶ 1-2, 11-17, 25-26.] Plaintiff alleges that on

June 18, 2012, it listed the Property, comprised of two parcels ("Parcel 1" and "Parcel 2"), for sale. [Id. at ¶¶ 23-24.] Subsequently, Defendant, who at one time did construction on the Property, recorded or caused to be recorded a "Notice of Ownership" of each Parcel ("Notice 1" and "Notice 2") as "representative and agent for the Hawaiian Kingdom Nation".[1] [Id. at ¶¶ 25-27.] Plaintiff alleges that, on or about September 20, 2013, it learned of the Notices when its agent received certified copies of them from Defendant, along with a two-page handwritten letter, entitled, "A message to you as owner of the land." [Id. at ¶¶ 32-34.]

Plaintiff further alleges that, on or about October 14, 2013, a prospective buyer made an offer on the Property for the asking price of $9.9 million, but subsequently, during negotiations, Defendant's Notices "proximately caused Prospective Buyer to choose not to purchase the Haiku Property." [Id. at ¶¶ 24, 35-36.] Plaintiff has not been able to find another buyer and has incurred expenses to "counteract the effect of Defendant's slanderous publications" and to maintain the

---

[1] Although Plaintiff alleges that Notice 1 was recorded on or about June 18, 2012, there is no indication from the face of the Notice that it was recorded on that date. Notice 1 was signed twice by Defendant on August 7, 2013, notarized on August 7, 2013, and stamped as recorded by the Bureau of Conveyances on August 8, 2013 as Document Number A-49680869. The same dates appear on Notice 2, which was recorded as Document Number A-49680868.

Property.  [Id. at ¶¶ 37-40.]  In preliminary title reports from

October 2013, Title Guaranty of Hawai`i, stated its belief that

Defendant's Notices do not have any legal effect on Plaintiff's

title to either parcel.  [Id. at ¶¶ 41-42 (citing id., Exhs. E, F

(reports)).]

The Complaint alleges the following claims: quiet title

("Count I"); preliminary injunction/permanent injunction

("Count II"); slander of title ("Count III"); and punitive

damages ("Count IV").[2]  Plaintiff seeks the following relief:

quiet title as to the Property; preliminary and permanent

injunctive relief; special, general and punitive damages;

attorneys' fees and costs; and any other appropriate relief.

In his Answer to Complaint and Counterclaim

("Counterclaim"), filed January 14, 2014, Defendant appears to

allege that the Property belongs to the Hawaiian Kingdom of King

Kamehameha I ("the Kingdom"), and thus Defendant, as the

Kingdom's representative, is the proper owner and is due all

rents on the Property.  [Dkt no. 8, at pgs. 22-23.]

---

[2]  The Court notes that Counts II and IV – the claims for
injunctive relief and punitive damages – are remedies and not
independent causes of action.  See e.g., Billete v. Deutsche Bank
Nat'l Trust Co., Civil No. 13-00061 LEK-KSC, 2013 WL 2367834, at
*7 (D. Hawai`i May 29, 2013) (injunctive relief); Lee v. Gov't
Emps. Ins. Co., 911 F. Supp. 2d 947, 971-72 (D. Hawai`i 2012)
(punitive damages).  As such, the only claims that Plaintiff
makes are to quiet title and for slander of title.

**DISCUSSION**

## I.  Defendant's Motions

The Court first turns to Defendant's Motions, which challenge the Court's jurisdiction.  All of Defendant's filings consist of short legal statements, interspersed with long paragraphs of Hawaiian words and their apparent translations that amount to un-punctuated narratives that appear to have little to do with the Property or the specific facts of this case.  Since Defendant is pro se, however, the Court construes his filings liberally.  See Welsh v. Wilcox Mem'l Hosp., Civil No. 12-00609 LEK-KSC, 2012 WL 6047745, at *1 (D. Hawai`i Dec. 4, 2012) ("[P]ro se litigants are held to less stringent standards than those of their legal counterparts." (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2012)); see also, e.g., Ogeone v. United States, Civil No. 13-00166 SOM/RLP, 2013 WL 3807798, at *3 (D. Hawai`i July 19, 2013) ("A pro se litigant's filings must be read more liberally than those drafted by counsel." (citations omitted)).

Taken together, Defendant's Motions appear to contend that this Court does not have jurisdiction over the present case because it concerns land belonging to a foreign sovereign, the Kingdom, and seeks judgment against a foreign subject, Defendant. These arguments against federal court jurisdiction have been repeatedly rejected by this district court and others that have

5

considered them.

First, Defendant argues, by citing lengthy materials

authored by David Keanu Sai, Ph.D., that "the Hawaiian Kingdom

continues to exist and is under a prolonged and illegal

occupation by the United States."  [Mem. in Supp. of Def.'s

2/18/14 Motion, at 11.]  This Court, however, does not have

jurisdiction to rule on this political question.  As this

district court explained,

> Plaintiff's claims raise nonjusticiable
> political questions because they involve matters
> that have been constitutionally committed to
> Congress.  Under Article IV, Section 3 of the
> Constitution, "[n]ew States may be admitted by the
> Congress into this Union[.]"  U.S. Const. art. IV,
> § 3.  By an act of Congress, Hawaii was admitted
> to the Union in 1959.  This court, therefore,
> lacks jurisdiction to decide any issue regarding
> the legality of Hawaii's statehood including the
> lawfulness of events leading to statehood.  Thus,
> as to Plaintiff's claim challenging the lawfulness
> of the overthrow of the Kingdom of Hawaii in 1893,
> the Intermediate Court of Appeals for the State of
> Hawaii aptly stated, "Whatever may be said
> regarding the lawfulness of the Provisional
> Government in 1893, the Republic of Hawaii in
> 1894, and the Territory of Hawaii in 1898, the
> State of Hawaii . . . is now, a lawful
> government."  State v. Fergerstrom, 106 Hawai`i
> 43, 55, 101 P.3d 652, 664 (Haw. App. 2004).
>
> Adjudication of Plaintiff's claims would
> essentially place this court in the shoes of
> Congress.  Thus, this court lacks jurisdiction
> over said claims.

Williams v. United States, CIV. No. 08-00547 SOM-KSC, 2008 WL

5225870, at *3 (D. Hawai`i Dec. 15, 2008) (alterations in

Williams).  Moreover, courts have rejected these same arguments

made by Dr. Sai in other cases.  See e.g., Sai v. Clinton, 778 F.

Supp. 2d 1, 6 (D.D.C.) ("Plaintiff's claims present this Court

with a nonjusticiable political question."), *aff'd sub nom.* Sai

v. Obama, No. 11-5142, 2011 WL 4917030 (D.C. Cir. Sept. 26,

2011).  Since this Court does not have the jurisdiction to

adjudge foreign affairs constitutionally delegated to Congress,

it may not rule on whether the United States "[i]llegally

usurp[ed] Hawaiian sovereignty."  See Mem. in Supp. of Def.'s

2/18/14 Motion at 8.  It does, however, have jurisdiction to

quiet title to land situated in the State of Hawai`i.  See United

States v. Byrne, 291 F.3d 1056, 1060 (9th Cir. 2002) ("The

federal district courts' jurisdiction over actions concerning

real property is generally coterminous with the states' political

boundaries.").

Second, insofar, as this Court has jurisdiction to

resolve disputes between citizens of diverse states, see 28

U.S.C. § 1332, it has jurisdiction over Defendant.  "Federal

cases have also rejected claims based on the argument that a

person is a member of the Kingdom of Hawaii."  Kupihea v. United

States, Civ. No. 09-00311 SOM/KSC, 2009 WL 2025316, at *2 (D.

Hawai`i July 10, 2009) (citations omitted).  Specifically,

> the Ninth Circuit, this district court, and
> Hawai`i state courts have all held that the laws
> of the United States and the State of Hawai`i
> apply to all individuals in this State.  See
> United States v. Lorenzo, 995 F.2d 1448, 1456 (9th
> Cir. 1993) (holding that the Hawai`i district

7

court has jurisdiction over Hawai`i residents
claiming they are citizens of the Sovereign
Kingdom of Hawai`i); <u>Kupihea v. United States</u>,
2009 WL 2025316, at *2 (D. Haw. July 10, 2009)
(dismissing complaint seeking release from prison
on the basis that plaintiff is a member of the
Kingdom of Hawai`i); <u>State v. French</u>, 77 Hawai`i
222, 228, 883 P.2d 644, 649 (Haw. App. 1994)
("[P]resently there is no factual (or legal) basis
for concluding that the [Hawaiian] Kingdom exists
as a state in accordance with recognized
attributes of a state's sovereign nature.")
(quotations omitted).

<u>Moniz v. Hawaii</u>, No. CIV. 13-00086 DKW, 2013 WL 2897788, at *2

(D. Hawai`i June 13, 2013) (alterations in <u>Moniz</u>); <u>see also</u> <u>Rice</u>

<u>v. Cayetano</u>, 528 U.S. 495, 524 (2000) ("The Constitution of the

United States, too, has become the heritage of all the citizens

of Hawaii.").  Defendant admits the allegation that he is a

United States citizen and/or domiciliary of the State of Hawai`i.

[Answer at ¶ 3.]  Thus, whether or not Defendant maintains that

he is also a citizen of the Kingdom of Hawai`i, this Court has

jurisdiction over him.  For the foregoing reasons, Defendant's

Motions, arguing that this Court lacks jurisdiction over

Plaintiff's claims, are DENIED.

## II.  **Plaintiff's Motion**

Since this Court finds that it has jurisdiction to hear

Plaintiff's claims, it now turns to the merits of Plaintiff's

Motion.

### A.  **Partial Summary Judgment**

On January 22, 2014, along with its Motion, Plaintiff

8

filed its Concise Statement of Facts in Support of Plaintiff's

Motion ("Plaintiff's CSOF"). [Dkt. no. 10.] Although Defendant

did file a memorandum in opposition to Plaintiff's Motion, [dkt.

no. 20,] he did not file his own concise statement of facts.

According to Local Rule 56.1(g), "material facts set forth in the

moving party's concise statement will be deemed admitted unless

controverted by a separate concise statement of the opposing

party." Thus, the material facts set forth in Plaintiff's CSOF

are deemed admitted for the purposes of Plaintiff's Motion.

Plaintiff argues that there is no genuine issue of

material fact that it owns the Property in fee simple, and that

Defendant has no interest in the Property, and thus Plaintiff is

entitled to judgment as a matter of law on its quiet title claim

against Defendant. See Fed. R. Civ. P. 56(a) ("The court shall

grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law.").

Haw. Rev. Stat. § 669-1 governs quiet title actions in

Hawai`i, and states, in pertinent part, "[a]ction may be brought

by any person against another person who claims, or who may claim

adversely to the plaintiff, an estate or interest in real

property, for the purpose of determining the adverse claim."

Plaintiff argues that it owns the Property outright and that

Defendant has no interest in the Property in spite of the

Notices.

The Hawai`i Supreme Court has explained the burdens in

a quiet title action:

>    In an action to quiet title, the burden is on
>    the plaintiff to prove title in and to the land in
>    dispute, and, absent such proof, it is unnecessary
>    for the defendant to make any showing. State v.
>    Zimring, 58 Haw. 106, 110, 566 P.2d 725, 729
>    (1977) (citations omitted). The plaintiff has the
>    burden to prove either that he has paper title to
>    the property or that he holds title by adverse
>    possession. Hustace v. Jones, 2 Haw. App. 234,
>    629 P.2d 1151 (1981); see also Harrison v. Davis,
>    22 Haw. 51, 54 (1914). While it is not necessary
>    for the plaintiff to have perfect title to
>    establish a prima facie case, he must at least
>    prove that he has a substantial interest in the
>    property and that his title is superior to that of
>    the defendants. Shilts v. Young, 643 P.2d 686,
>    689 (Alaska 1981). Accord Rohner v. Neville, 230
>    Or. 31, 35, 365 P.2d 614, 618 (1961), reh'g
>    denied, 230 Or. 31, 368 P.2d 391 (1962).

Maui Land & Pineapple Co. v. Infiesto, 76 Hawai`i 402, 407-08,

879 P.2d 507, 512-13 (1994). A plaintiff may prove a substantial

interest in a property by offering a deed.

>    Recitals of fact in a deed purporting to
>    establish an interest in real property are
>    admissible to prove that such an interest existed
>    "unless the circumstances indicate lack of
>    trustworthiness." See [Maui Land & Pineapple, 76
>    Hawai`i at] 406–07, 879 P.2d at 511–12; Haw. R.
>    Evid. 803(b)(15). For instance, in Maui Land &
>    Pineapple, the Supreme Court held that the circuit
>    court did not abuse its discretion in considering
>    a recital in a deed that a grantor of real
>    property was "lawfully seized in fee simple" and
>    that the property was "clear and free of all
>    encumbrances." 76 Hawai`i at 406–07, 879 P.2d at
>    511–12 (internal quotation marks omitted).

10

Here, in the February 1912 Deed, S. Hakuole and O.H. Hakuole declared that they were "lawfully seized of the [Subject Property]" and that they had "a good and lawful right to sell the same[.]" Appellants do not address these statements, and nothing in the record indicates that they are untrustworthy; S. Hakuole and O.H. Hakuole share the same last name as H.W. Hakuole, leading to a reasonable inference that they inherited an interest in the Subject Property. As Makila claims paper title through mesne conveyances arising from the February 1912 Deed, Makila has made a prima facie showing that it has a substantial interest in the Subject Property.

Makila Land Co., LLC v. Dizon, No. 30294, 2013 WL 1091721, at *2-3 (Hawai`i Ct. App. 2013) (some alterations in Makila Land).

To rebut a plaintiff's showing of a substantial interest in the property, the defendant must prove that its title is superior to the plaintiff's. However, at summary judgment, defendant need not prove perfect title. Alexander & Baldwin, Inc. v. Silva, 124 Hawai`i 476, 487, 248 P.3d 1207, 1218 (Ct. App. 2011). "[I]n an action to quiet title, only the relative interests of the parties to the action may be considered." Omerod v. Heirs of Kaheananui, 116 Hawai`i 239, 268, 172 P.3d 983, 1012 (2007) (citations omitted).

Here, Plaintiff has offered undisputed evidence that it owns the Property in fee simple. The Property is comprised of two parcels of abutting land in Haiku, Maui, with a residence ("the Haiku House"). [Pltf.'s CSOF at ¶¶ 2-4, 6; id., Exh. A (warranty deed describing parcels, including metes and bounds) at 301-05.] On October 18, 1989, First American Title Insurance

11

Company issued a Policy of Title Insurance on behalf of Alham, Inc., insuring that Alham, Inc. had a fee simple estate in the Property. [Id. at ¶ 7; id., Exh. E (policy).]

On November 29, 1989, Alham, Inc. conveyed by warranty deed all right, title and interest in the Property to Plaintiff, covenanting that it "is seized of the said premises in fee simple, and has good right to convey the same." [Id. at ¶¶ 8-9; id., Exh. A at 299.] Plaintiff recorded the deed with the Land Court on December 19, 1989 as Liber Number 24018, page 298. [Id., Exh. A.] These facts alone are sufficient under Maui Land & Pineapple and its progeny to prove a substantial interest in the Property. See, e.g., 76 Hawai`i at 406-08, 879 P.2d at 511-13; Makila Land, 2013 WL 1091721, at *2-3.

In addition, to support its substantial interest, Plaintiff provides undisputed evidence that: the Property is "a cherished family retreat for members of Plaintiff's [President's] family[;]" [Pltf.'s CSOF at ¶ 10;] Plaintiff has paid property taxes every year since it acquired the Property; [id. at ¶ 11;] no one (including Defendant) has ever asserted that the warranty deed was invalid or that it did not convey title to Plaintiff; [id. at ¶ 12;] and Title Guaranty of Hawaii prepared a Preliminary Report on January 6, 2014 showing that Plaintiff is the fee simple owner of the Property [id. at ¶¶ 13-14].

Similarly, there is no genuine issue of material fact that Defendant's alleged interest in the Property is inferior to Plaintiff's substantial interest. His sole claim to the Property is the Notices. In both notices, which are identical except for the land descriptions, Defendant claims "[a]ll Right, Title, and Interest" in the Parcel "as a representative and agent for the Hawaiian Kingdom Nation With his Executive Authority[.]" [Id. at ¶¶ 16-17; id., Exhs. B (Notice 1), C (Notice 2).] The Notices, however, likely have no valid or enforceable effect on title, as stated by Title Guaranty of Hawaii. [Id. at ¶ 20; id., Exh. D (preliminary report) at 2-3.]

Further, Defendant has admitted that he does not own the Property. On or about April 1, 2011, Defendant contacted Plaintiff's agent and stated that his company was interested in renting the Haiku House on behalf of his company's senior executives.[3] [Id. at ¶ 15.] Further, Defendant addressed Plaintiff as the "owner of the land" in the handwritten letter he included with the certified copies of Notice 1 and Notice 2 received by Plaintiff on or about September 20, 2013. [Id. at ¶¶ 18-19.] These facts, which are deemed admitted, show that Defendant's alleged interest in the Property is inferior to Plaintiff's, and that Defendant has no interest in the Property.

_____

[3] On or about April 12, 2011 he informed the agent that his company would not rent the Haiku House. [Complaint at ¶ 22.]

These undisputed facts are consistent with Defendant's

filings.  Although he clearly feels strongly about Hawai`i and

its history, Defendant does not state once, in the hundreds of

pages he has filed, a single connection between himself and the

Property that would give him a basis for a claim of a legally

recognizable interest in the Property.[4]  Even viewing the

evidence in the light most favorable to Defendant, there is no

dispute that Defendant has no legal interest in the Property.

See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013)

(holding that at summary judgment, the test is, "viewing the

facts in the light most favorable to the nonmoving party, whether

there are any genuine issues of material fact") (citations and

quotation marks omitted)).

Since there is no genuine issue of material fact that

Plaintiff owns the Property in fee simple, and that Defendant has

no interest in the Property, the Court GRANTS Plaintiff's Motion

to the extent it seeks summary judgment as to Count I of the

---

[4] The closest Defendant comes to stating an interest in any specific land whatsoever (and that he is not claiming right to all of the Hawaiian islands) is the following:

> There are a few pieces Aina "Land" from Maui, Lanai, Big Island, Oahu, and Kauai Ni`ihau that I must take back and be recognized under my principality, we need not all these Lands in Hawaii just a few and the rest of these lands stay as the way they are here in Hawaii.

[Def.'s 2/18/14 Motion, Exh. 1 at 8.]

Complaint.

**B.** **Dismissal of Defendant's Counterclaim**

In his Counterclaim, Defendant states, in part,

2. Property has been Established as under the
Hawaiian Kingdom of Kamehameha I.

Property was wrongfully Transferred.

Ownership and Title to property should be held in
the Name of Hawaiian Kingdom of King Kamehameha I
of Monarch

Defendant its Representative and Agent Jon Santos
Prays as Follows:

A. That Judgment he [sic] entered in Favor of
Defendant its Representative and Agent Jon Santos.

B. Defendant its Representative and Agents
Jon Santos Claims Ownership and Titles to its
Rightful Owner as Heir upon the Heavens as His
Principality of this Hawaiian Kingdom of King
Kamehameha I of Monarch.

C. That all Cash that resides as Rent Occupying of
this Property be Awarded to the Defendant who's
has the Executive Power and Authority of the
Representative and Agent of this Hawaiian Kingdom
of King Kamehameha I as Monarch.

[Answer at pgs. 22-23.[5]] Even construing this pleading

liberally, see Ogeone, 2013 WL 3807798, at *3, Defendant's

argument is essentially the same as in his other filings:

that the Property actually belongs to the Kingdom and, more

particularly, to its agent – Defendant. As discussed above,

_____

[5] The page numbers in the Court's citation to the Answer
refer to the pages as they appear in the district court's cm/ecf
system.

whether the Kingdom has a right to the Property is a
nonjusticiable political question, which this Court has no
jurisdiction to resolve.  See Williams, 2008 WL 5225870, at
*3; Sai, 778 F. Supp. 2d at 6.  For this reason, the Court
GRANTS Plaintiff's Motion to the extent that it seeks
dismissal of Defendant's Counterclaim for lack of subject
matter jurisdiction.  The Court FINDS that amendment of the
Counterclaim would be futile, and thus dismissal of
Defendant's Counterclaim is WITH PREJUDICE.  See Cal. ex
rel. Cal. Dep't of Toxic Substances Control v. Neville Chem.
Co., 358 F.3d 661, 673 (9th Cir. 2004) ("denial of leave to
amend is appropriate if the amendment would be futile"
(internal quotations and citations omitted)).

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to
Dismiss Complaint, filed January 31, 2014, and his Motion to
Dismiss, filed February 18, 2014, are HEREBY DENIED.  Plaintiff's
Motion for Partial Summary Judgment on Count I of the Complaint
and Motion to Dismiss, or in the Alternative, for Summary
Judgment on Defendant Jon Freeman Eleu Santos, AKA Sir Jon
Freeman Eleu Santos, AKA Jon Santos's Counterclaim Filed on
January 14, 2014, filed January 22, 2014 is HEREBY GRANTED in its
entirety.  Defendant Jon Santos's Counterclaim, filed January 14,
2014, is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 23, 2014.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ALGAL PARTNERS, L.P. VS. JON FREEMAN ELEU SANTOS; CIVIL 13-00562 LEK-BMK; ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I OF THE COMPLAINT AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON DEFENDANT JON FREEMAN ELEU SANTOS, AKA SIR JON FREEMAN ELEU SANTOS, AKA JON SANTOS'S COUNTERCLAIM FILED ON JANUARY 14, 2014; AND DENYING DEFENDANT'S MOTION TO DISMISS**