```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

ALGAL PARTNERS, L.P., a        )    CIVIL NO. 13-00562 LEK-BMK
Delaware limited partnership,  )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
JON FREEMAN ELEU SANTOS, AKA   )
SIR JON FREEMAN ELEU SANTOS,   )
AKA JON SANTOS,                )
                               )
          Defendant.           )
_____)
```

## ORDER DENYING PLAINTIFF'S MOTION FOR FRCP RULE 54(B) CERTIFICATION

Before the Court is Plaintiff Algal Partners L.P.'s ("Plaintiff") Motion for FRCP Rule 54(b) Certification ("Motion"), filed on May 12, 2014. [Dkt. no 47.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, the Court HEREBY DENIES the Motion for the reasons set forth below.

### BACKGROUND

The relevant factual background in this case is set forth in this Court's April 23, 2014 Order Granting Plaintiff's Motion for Partial Summary Judgment on Count I of the Complaint and Motion to Dismiss, or in the Alternative, for Summary

Judgment on Defendant Jon Freeman Eleu Santos, AKA Sir Jon Freeman Eleu Santos, AKA Jon Santos's Counterclaim Filed on January 14, 2014; and Denying Defendant's Motions to Dismiss ("4/23/14 Order"). [Dkt. no. 41.[1]]

On October 28, 2013, Plaintiff filed its complaint ("Complaint"), asserting claims for: quiet title to its property in Haiku, Maui ("the Property" and "Count I"); preliminary/permanent injunction ("Count II"); slander of title ("Count III"); and punitive damages ("Count IV"). On January 14, 2014, pro se Defendant Jon Freeman Eleu Santos ("Defendant") filed his counterclaim ("Counterclaim"). [Dkt. no. 8.] The 4/23/14 Order granted Plaintiff summary judgment on Count I, and dismissed with prejudice the Counterclaim. 2014 WL 1653084, at *6-7. It also found that Counts II and IV were remedies and not independent causes of action. Id. at *2 n.2. Thus, the only remaining count from the Complaint is Count III, alleging slander of title.

The instant Motion requests that this Court enter final judgment under Fed. R. Civ. P. 54(b) as to Count I and the Counterclaim.

**DISCUSSION**

Rule 54(b) provides, in relevant part:

> When an action presents more than one claim

---

[1] The 4/23/14 Order is also available at 2014 WL 1653084.

> for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Ninth Circuit has explained the process by which a district court may direct entry of final judgment as to one claim in a multi-claim suit:

> A district court must first determine that it has rendered a "final judgment," that is, a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright [Corp. v. Gen. Elec. Co.], 446 U.S. [1,] 7, 100 S. Ct. 1460 [(1980)] (quoting [Sears, Roebuck & Co. v.] Mackey, 351 U.S. [427,] 436, 76 S. Ct. 895 [(1956)]). Then it must determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Id. at 8, 100 S. Ct. 1460 (quoting Mackey, 351 U.S. at 437, 76 S. Ct. 895). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Mackey, 351 U.S. at 438, 76 S. Ct. 895).

Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (footnote omitted).

The Court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already

3

determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright, 446 U.S. at 8. In determining whether to grant certification, courts must consider the judicial administrative interest in avoiding "piecemeal appeals," as well as the other equities involved. Id.; see also 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2659 (1998) ("It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.").

Plaintiff argues that its quiet title and slander of title claims are "separate and wholly distinct claims" that depend on different facts and burdens of proof. [Mem. in Supp. of Motion at 8-11.] Further, it argues that there is no just reason for delay, in particular, because Defendant's claim to the Property is frivolous and has caused Plaintiff ongoing harm. [Id. at 12-13.]

The Court first notes that it has "rendered a 'final judgment' as to Count I and the Counterclaim. See Fed. R. Civ. P. 54(b). It finds, however, that there is substantial factual overlap between Count I and Count III. The Court set forth the

4

burdens of proof for a quiet title action in the 4/23/14 Order. 2014 WL 1653084, at *4. Plaintiff carries the burden of proving its interest in the Property, and that its interest is greater than Defendant's interest. Defendant's sole claim to the Property is through the "Notices of Ownership" ("the Notices") that he filed with the Bureau of Conveyances. Id. at *6.

The ICA has held that, to prevail on common law slander of title under Hawai`i law, a plaintiff must prove:

> (1) ownership of or interest in the property by the plaintiff; (2) falsity of the words published; (3) malice of the defendant in publishing the false statements; (4) publication to some person other than the owner (5) publication in disparagement of plaintiff's property or the title to it; and (6) special damages proximately resulting from such publication.

Isobe v. Sakatani, 127 Hawai`i 368, 377-78, 279 P.3d 33, 42-43 (Ct. App. 2012). Thus, elements (1), (2), (4), and (5) require proof of similar facts as with the quiet title claim, related to the ownership interests of the two parties and facts surrounding the Notices. While Plaintiff must provide additional evidence to prove Defendant's malice and special damages, the Court finds that the two claims are sufficiently "closely related, factually and legally" so as to make certification inefficient here. See Wood, 422 F.3d at 880. Plaintiff's "legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts. This impacts the sound administration of

5

justice." See id. (footnote omitted).

Further, this is not a complex case or one where there is an "important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." See id. at 882 (footnote omitted). This "similarity of legal [and] factual issues [] weigh[s] heavily against entry of judgment under [Rule 54(b)]. . . ." See id. (some alterations in Wood) (citation and quotation marks omitted). The Court thus finds that final judgment under Rule 54(b) in favor of Plaintiff is not "in the interest of sound judicial administration," and may result in unnecessary piecemeal appeals. See Curtiss-Wright, 446 U.S. at 8; see also, e.g., Wheeler v. Hilo Med. Ctr., Inc., Civil No. 09-00533 JMS/KSC, 2010 WL 4273095 (D. Hawai`i Oct. 21, 2010) (denying separate judgment where court found substantial factual and legal overlap and that the case was not complex).

Finally, while it is sensitive to Plaintiff's claims of ongoing harm, the Court finds that this is not an "unusual case" where judicial costs and risks are "'outbalanced by pressing needs of litigants for an early and separate judgment as to some of the claims . . . .'" Haldeman v. Golden, Civil No. 05-00810 DAE-KSC, 2010 WL 3946401, at *3 (D. Hawai`i Sept. 30, 2010) (quoting Morrison–Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)). For all of these reasons, the Court DENIES the Motion.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for FRCP Rule 54(b) Certification, filed May 12, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 19, 2014.



　　　　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States District Judge

**ALGAL PARTNERS L.P. VS. JON FREEMAN ELEU SANTOS, ETC.; CIVIL NO. 13-00562 LEK-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR FRCP RULE 54(B) CERTIFICATION**