IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALGAL PARTNERS, L.P., | CIV. NO. 13-00562 LEK-BMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES |
| JON FREEMAN ELEU SANTOS aka SIR JON FREEMAN ELEU SANTOS aka JON SANTOS, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

Before the Court is Plaintiff Algal Partners, L.P.'s Motion for Award of Attorneys' Fees (Doc. 93). Defendant Jon Santos did not respond to the Motion. After careful consideration of the Motion and review of the record in this case, the Court finds and recommends that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART.[1] The Court recommends that Plaintiff be awarded $20,520.93 in attorneys' fees.

BACKGROUND

On October 28, 2013, Plaintiff filed the Complaint, asserting claims against Defendant to quiet title two parcels of real property on Maui and for slander.

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

(Complaint at 9, 11-12.)  Plaintiff alleged that it is the owner of the two parcels of land and that Defendant had done some construction work on the property. (Complaint at 4-5.)  After Plaintiff listed the properties for sale for $9.9 million, Plaintiff alleges that Defendant filed "Notices of Ownership" regarding the properties with the Bureau of Conveyances.  (Complaint at 6.)  In the Notices, Defendant claimed to be "a representative and agent for the Hawaiian Kingdom Nation."  (Complaint at 6.)  Defendant's notices caused a prospective buyer to decline purchasing the properties.  (Complaint at 8.)  Plaintiff sought a declaration quieting title to the properties, damages, and injunctive relief.  (Complaint at 13.)

On January 14, 2014, Defendant answered the Complaint and filed a Counterclaim.  (Doc. 8.)  He alleged that title to the properties "should be held in the name of Hawaiian Kingdom," and that he is a representative of the Kingdom. (Doc. 8 at 21-24.)  Defendant sought a declaration that he is the "Rightful Owner [of the properties] as Heir upon the Heavens as His Principality of this Hawaiian Kingdom."  (Doc. 8 at 23.)  He also prayed for "all Cash that resides as Rent Occupying of this Property."  (Doc. 8 at 23.)

Plaintiff filed a summary judgment motion on its quiet title claim and on the counterclaim.  (Doc. 9.)  Defendant filed two motions to dismiss and a motion for summary judgment.  (Docs. 13, 24, 37.)  In Defendant's motions and

supporting documents, he raised sovereignty issues, alleged that the State of Hawaii is an illegal entity, and argued that this Court has no jurisdiction over this case. He also claimed that he owns the property on which this courthouse sits, he threatened to press war-crime charges against the Court if it ruled against him, and he threatened Plaintiff's counsel with "pains of death!, ever[y] day of your eternal life." (Doc. 13 at Ex. 1-A; Doc. 24-1 at 11; Doc. 32-1 at 11; Doc. 60-2 at 9; Doc. 67 at Ex. C; Doc. 68 at Ex. C; Doc. 69.)

On April 23, 2014, District Judge Leslie E. Kobayashi granted Plaintiff summary judgment on its quiet title claim and dismissed the counterclaim. (Doc. 41 at 14-16.) The Court also dismissed Plaintiff's slander claim pursuant to the stipulation of the parties in open court. (Doc. 81.) On October 2, 2014, Judgment was entered in Plaintiff's favor and against Defendant. (Doc. 84.)

On October 16, 2014, Plaintiff filed the present Motion for Award of Attorneys' Fees, seeking $23,632.50 in fees. (Doc. 93.)

## DISCUSSION

I. Entitlement to Fees Pursuant to HRS § 607-14.5

Plaintiff seeks attorneys' fees pursuant to HRS § 607-14.5 and the Court's inherent powers to award fees. As discussed below, the Court finds an award of fees under § 607-14.5 is warranted in this case.

HRS § 607-14.5 authorizes attorneys' fees where the court finds that "all or a portion of the claims or defenses made by the party are frivolous and not reasonably supported by the facts and the law." Section 607-14.5 provides:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, . . . a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court <u>upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b)</u>.
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, <u>the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action</u>.

As required in section (a), the instant case is a civil action in which both Plaintiff and Defendant sought money damages. (Complaint at 13; Answer & Counterclaim at 23.) Plaintiff also sought injunctive relief. (Complaint at 13.) Further, this case was decided in Plaintiff's favor pursuant to the Judgment entered on October 2, 2014. (Doc. 84.)

In order for section 607-14.5 to apply, this Court "must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law." HRS § 607-14.5(b). As used in this statute, a "frivolous claim is one that is 'so manifestly and palpably without

4

merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'" Kersh v. Manulife Fin. Corp., Civ. No. 09-00049 JMS-BMK; 2011 WL 5864372, at *2 (D. Haw. Nov. 21, 2011).

In Defendant's pleadings and motions, he raised two issues, both affirmatively and defensively. First, he argued that the State of Hawaii is an illegal entity and therefore, the United States lacks jurisdiction over Hawaii and this case. Courts have consistently held that this argument presents a political question that must be decided by the legislative and executive branches of government, not by the courts. Sai v. Clinton, 778 F. Supp. 2d 1, 6-7 (D.D.C. 2011) ("The status of Hawaii as part of the United States is a political question over which the court lacks jurisdiction."); Williams v. United States, Civ. No. 08–00547 SOM–KSC, 2008 WL 5225870, at *3 (D. Haw. Dec. 15, 2008) ("Plaintiff's claims raise nonjusticiable political questions because they involve matters that have been constitutionally committed to Congress. . . . This court, therefore, lacks jurisdiction to decide any issue regarding the legality of Hawaii's statehood including the lawfulness of events leading to statehood. . . . Adjudication of Plaintiff's claims would essentially place this court in the shoes of Congress. Thus, this court lacks jurisdiction over said claims."); see also State v. Kaulia, 291 P.3d 377, 385 (Haw. 2013).

The second issue Defendant asserted in his documents is that he

merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'" Kersh v. Manulife Fin. Corp., Civ. No. 09-00049 JMS-BMK; 2011 WL 5864372, at *2 (D. Haw. Nov. 21, 2011).

In Defendant's pleadings and motions, he raised two issues, both affirmatively and defensively. First, he argued that the State of Hawaii is an illegal entity and therefore, the United States lacks jurisdiction over Hawaii and this case. Courts have consistently held that this argument presents a political question that must be decided by the legislative and executive branches of government, not by the courts. Sai v. Clinton, 778 F. Supp. 2d 1, 6-7 (D.D.C. 2011) ("The status of Hawaii as part of the United States is a political question over which the court lacks jurisdiction."); Williams v. United States, Civ. No. 08–00547 SOM–KSC, 2008 WL 5225870, at *3 (D. Haw. Dec. 15, 2008) ("Plaintiff's claims raise nonjusticiable political questions because they involve matters that have been constitutionally committed to Congress. . . . This court, therefore, lacks jurisdiction to decide any issue regarding the legality of Hawaii's statehood including the lawfulness of events leading to statehood. . . . Adjudication of Plaintiff's claims would essentially place this court in the shoes of Congress. Thus, this court lacks jurisdiction over said claims."); see also State v. Kaulia, 291 P.3d 377, 385 (Haw. 2013).

The second issue Defendant asserted in his documents is that he

represents the Hawaiian Kingdom and therefore claims the subject property as his own.  However, in granting Plaintiff summary judgment on the quiet title claim, Judge Kobayashi explicitly found:  "Defendant does not state once, in the hundreds of pages he has filed, a single connection between himself and the Property that would give him a basis for a claim of a legally recognizable interest in the Property." (Doc. 42 at 14.)  She continued:  "Even viewing the evidence in the light most favorable to Defendant, there is no dispute that Defendant has no legal interest in the property."  (Doc. 42 at 14.)

In addition to raising the foregoing arguments, Defendant also filed a false notice of ownership, claiming he owns the property on which the United States District Court for the District of Hawaii sits.  (Doc. 13 at Ex. 1-A (Defendant's "Notice of Ownership" of 300 Ala Moana Boulevard, Honolulu, Hawaii, 96850).) Additionally, on at least three occasions, he threatened to press war-crime charges against this Court if it denied his motions.  (Docs. 24-1 at 11 ("if this Court refuses to grant Defendant's Motion . . . Defendant will have no alternative but to file a criminal complaint . . . for violating . . . the War Crimes Act"); Doc. 32-1 at 11; Doc. 60-2 at 9.)  He also claimed that he is above all laws of the United States.  (Doc. 60 at 1 ("I and my Kingdom shall supersede all the laws of the United States.")  And he threatened Plaintiff's attorneys with physical harm and death in connection with this

lawsuit. (Doc. 67 at Ex. C ("You will feel pain from many different directions . . . pains of death!, ever[y] day of your eternal life."); Doc. 68 at Ex. C; Doc. 69.) These actions, combined with Defendant's claims regarding sovereignty and ownership of the subject property, are "so manifestly and palpably without merit, so as to indicate bad faith on [Defendant's] part such that argument to the court is not required." Kersh, 2011 WL 5864372, at *2. Accordingly, this Court finds that Defendant's claims and defenses are frivolous and not reasonably supported by the facts and the law.[2] HRS § 607-14.5(b). A "reasonable sum for attorneys' fees" in favor of Plaintiff is therefore warranted under HRS § 607-14.5.

II. Reasonable Amount of Attorneys' Fees

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Dimitrion v. Morgan Stanley Home Loans, Civ. No. 13-00125 DKW-BMK, 2014 WL 4639130, at *3 (D. Haw. Sept. 16, 2014). "Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate." Id. The Court may also consider a number of factors in determining the value of the attorneys' services. Id.

---

[2] The Court notes that the Ninth Circuit found Defendant's appeal of this case to be frivolous as well. (Doc. 98 at 1 ("we find that the appeal is frivolous.").)

A. Reasonable Hourly Rate

"In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. The reasonable hourly rate should reflect the prevailing market rates in the community." Au v. Funding Group, Inc., Civ. No. 11-00541 SOM-KSC, 2013 WL 1154211, at *7 (D. Haw. Feb. 19, 2013).

Plaintiff's counsel request the following hourly rates: $500/hour for William C. McCorriston (senior partner with 40 years of experience); $350/hour for Randall K. Schmitt (senior partner with 30 years of experience); $175/hour for David Day (second-year associate); and $175/hour for Troy Andrade (second-year associate). (Motion at 24-25; McCorriston Decl'n ¶¶ 8-23.) Plaintiff also seeks $90/hour for Christine Kempezenski (document analyst with seventeen years of experience). (Motion at 26; McCorriston Decl'n ¶¶ 24-25.) This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on this Court's knowledge of the community's prevailing rates, the Court recommends granting the following hourly rates: $375/hour for William C. McCorriston, $300/hour for Randall K. Schmitt, and $150/hour for David Day and Troy Andrade. The Court also recommends declining to award attorneys' fees to the document analyst.

B. Hours Reasonably Expended

"[A] prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained." Au, 2013 WL 1154211, at *7. "The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable." Id. Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. Id. After careful review of the hours expended by Plaintiff's counsel in this case, the Court finds that all the hours expended by counsel are reasonable. Accordingly, using the lodestar calculation based on the reasonable hourly rate and reasonable hours expended, the Court recommends Plaintiff be awarded attorneys' fees in the amount of $20,520.93:

```
William C. McCorriston   $375/hour x 8.7 hours    = $ 3,262.50
Randall K. Schmitt       $300/hour x 1.9 hours    = $ 570.00
David Day                $150/hour x 99.9 hours   = $ 14,985.00
Troy Andrade             $150/hour x 5.2 hours    = $ 780.00
                         Sub-Total                = $ 19,597.50
                         G.E.T. (4.712%)          = $ 923.43
                         Total Fee Award          = $ 20,520.93
```

CONCLUSION

In light of the foregoing, the Court finds and recommends that Plaintiff's Motion for Award of Attorneys' Fees be GRANTED IN PART and

9

DENIED IN PART. The Court recommends that Plaintiff be awarded $20,520.93 in attorneys' fees.

Any Objections to this Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 8, 2014.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Algal partners, L.P. v. Santos, CIV. NO. 13-00562 LEK-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES.