BMK

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 15 2014

at 12 o'clock and 45 min. P M.

SUE BEITIA, CLERK

HAWAIIAN KINGDOM OF KING KAMEHAMEHA I, AS
MONARCH KING KAMEHAMEHA VII, NI'I LOA MOI KAPU
WAI WAI LOHEA ENEI PAU
P.O. BOX 1267 HAIKU, MAUI, HAWAI'I 96708

# In the United States District Court
# for the District of Hawaii

| | |
|---|---|
| **ALGAL PARTNERS, L.P.** Delaware Limited partnership,<br><br>Plaintiff,<br><br>VS.<br><br>Hawaiian Kingdom of King Kamehameha I, King Kamehameha VII, Ni'I Loa Moi Kapu<br><br>Defendant, | CIVIL NO. CV 13-00562 BMK<br><br>CASE: Quiet Title<br><br>Defendant:<br><br>**King Kamehameha VII,**<br><br>**Ni'i Loa Moi Kapu Wai Wai Lohea Enei Pau** |

HAWAIIAN KINGDOM OF KING KAMEHAMEHA I, AS
MONARCH KING KAMEHAMEHA VII, NI'I LOA MOI KAPU
WAI WAI LOHEA ENEI PAU
P.O. BOX 1267 HAIKU, MAUI, HAWAI'I 96708

THE UNITED STATES PACIFIC FLEET COMMAND
OF HAWAI'I, ARICLE II COURT, MILITARY
COURT FOR THE HAWAIIAN ISLANDS,
"OCCUPATION AND INTERNATIONAL
HUMANITARIAN LAW "

| | |
|---|---|
| KINGDOM OF HAWAII | King Kamehameha VII, Ni'i Loa Moi Kapu |
| KING KAMEHAMEHA I, KING KAMEHAMEHA VII, NI'I LOA MOI KAPU WAI WAI LOHEA ENEI PAU | |
| Plaintiff, | COMPLAINT; QUIET TITLE |
| VS. | SUBJECT PARCEL, TMK: |
| Judge Alfred T. Goodwin | (2)2-7-003:087, ACRES 18.96 |
| Judge Johnnie B. Rawlinson | (2)2-7-003:062 ACRES 20.1130 |
| Judge Barry M. Kurren | |
| Glen Ajimaine | WILLFULLY AND DEPRIVING |
| Jeremy True Blood | ACCESS AND ALL RIGHTS TO |
| William C. McCorriston | SOVREIGN LANDS UNDER THE |
| David Dana Day | JURISDICTION OF THE HAWAIIAN |
| Michelle Fujimoto | KINGDOM OF KING KAMEHAMEHA I, |
| Defendant, | HIS MAJESTY KING KAMEHAMEHA VII, NI'I LOA MOI KAPU |



**THE WAR OFFICE,**

**18th Sept. 2014**

**ROYAL WARRANT**

001

A. O. December 15, 2014

HAWAIIAN KINGDOM OF KING KAMEHAMEHA I
GREAT SEAL OF HAWAII 2014

HAWAIIAN KINGDOM OF KING KAMEHAMEHA I
GREAT SEAL OF HAWAII 2014

## Regulations for the Trial of War Criminals

WHEREAS WE deem it expedient to make provision for the trial and punishment of violations of the laws and usages of war committed during any war in which WE have been or may be engaged at any time after the second day of January 17, eighteen hundred and eighty three;

The Minister Plenipotentiary and Envoy and extraordinary <u>John L. Stevens</u>, by force and lead the United States Marines to land on Sovereign lands of the Hawaiian Kingdom. War Crimes of Occupations by the United States and of Genocide Humanitarian International Intervention.

WHEREAS TWO SOVERIGN NATIONS, IN PLACE TWO SOLE EXECUTIVE AGREEMENTS ;

> The 1893 Lili'uokalani assignment and the Agreement of restoration entered into by United States President Grover Cleveland and Queen Lili'uokalani for the investigation and settlement of the illegal overthrow.

> As treaties, they bind the United States President to administer Hawaiian Kingdom Law and the Laws of occupation in Hawai'i.

> All debts contracted and engagements entered into, before the adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation.

> Article VI, Section 2 of the U.S. Constitution This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding. The Senators and Representatives before mentioned, and the members of the several state legislatures, and all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this Constitution; but no religious test shall ever be required as a qualification to any office or public trust under the United States.

Appropriate court with subject matter jurisdiction in the Hawaiian Islands is an Article II Court established under and by virtue of Article II of the U.S. Constitution in compliance with Article 43,1907 Hague Convention IV (36 U.S. Stat. 2277). Article II Courts are Military Courts established by authority of the President,' being Federal Courts, which were established as "the product of military occupation." See Bederman, Article II Courts, 44 Mercer Law Review 825- 879, 826 (1992-1993).

Military Courts "are generally based upon the occupant's customary and conventional duty to govern occupied territory and to maintain law and order." See United States Law.

**WITH ALL DUE RESPECT HIS MAJESTY AT OUR WILL AND PLEASURE**
shall give this Article II Court of the Pacific Command of Hawai'i under the direction of Admiral Samuel J. Locklear, USN, and Lieutenant General Anthony G. Crutchfild, USA. Has been granted 30 Days after receiving this **Royal Warrant** to respond to **His Majesty** and to the **Defendant Prosecutors** a date will be assessed for the custody, trial and punishment of persons charged with such violation of the laws and usages of war as aforesaid shall be governed by the Regulations attached to this Our Warrant Thereof:

Given at the Tribunal Article II Court which is Military Court at HQ U.S. Pacific Command, Camp Smith,
Hawai'i , this _____ day of _____ 2015. Kingdom Sovereignty in the 219 years of our King Kamehameha I, Reign.

By His Majesty's Command,
KING KAMEHAMEHA VII, NII LOA MOI KAPU WAI WAI LOHEA ENEI PAU MENA

### Regulations for the Trial of War Criminals

**1.** In these Regulations if not inconsistent with the context and subject to any express provision to the contrary the following expressions have the following meanings namely:-

"War Crime" means a violation of the laws and usages of war committed during any war in which His Majesty has been or may be engaged at any time since the first day, of October, 2014. Any expression used in these Regulations has the same meaning as in the Army Act or the Rules of Procedure made pursuant thereto. Tribunal "Military Court" means a Military Court, Article II Court U.S. Command Pacific constituted and held under these Regulations.

**2. (a)** The following officers shall have power to convene Tribunal Military Courts for the trial of persons charged with having committed war crimes and to confirm the findings and sentences of such Courts namely:-

**(i)** Any officers authorized so to do by His Majesty and His Warrant

**(ii)** Any officers authorized so to do by delegation under the Warrant of any officer referred to under (i) above whom His Majesty has authorized to make such delegation by His Warrant.

**(b)** Any such Warrants may he addressed to an officer by name or by designation of an office and may be subject to such restrictions, reservations, exceptions and conditions as may seem meet to His Majesty or any such delegating officer as aforesaid.

**(c)** An officer having authority to confirm the finding and sentence of a Military Court may reserve confirmation of the finding and sentence or of the sentence to any superior authority competent to confirm the findings and sentences of the like kind of military court convened under these Regulations.

3. Except in so far as herein otherwise provided expressly or by implication the provisions of the Army Act and the Rules of Procedure made pursuant thereto so far as they relate to Field General Courts-Martial and to any matters preliminary or incidental thereto or consequential thereon shall apply so far as applicable to Military Courts under these Regulations and any matters preliminary or incidental thereto or consequential thereon in like manner as if the Military Courts were Field General Courts-Martial and the accused were persons subject to military law charged with having committed offences on active service.

According to U.S. Army Field Manual 27-10, section 498, "any person, whether a member of the armed forces or a civilian, who commits an act which constitutes a crime under international law is responsible therefore and liable to punishment. Section 449, which has a more expansive definition of war crimes than 18 U.S.C. §2441, "the term 'war crime' is the technical expression for a violation of the law of war by any person or persons, military or civilian. Every violation of the law of war is a war crime." And according to section 500, "Conspiracy, direct incitement, and attempts to commit, as well as complicity in the commission of war crimes are punishable."

4. If it appears to an officer authorized under the Regulations to convene a Military Court that a person then within the limits of his command has at any place whether within or without such limits, committed a war crime he may direct that such person if not already in military custody shall be taken into and kept in such custody pending trial in such manner and in the charge of such military unit as he may direct. The commanding officer of the unit having charge of the accused shall be deemed to be the commanding officer of the accused for the purposes of all matters preliminary and relating to trial and punishments. But such commanding officer shall have no power to dismiss the charge or deal with the accused summarily for a war crime. He shall without any such preliminary hearing as is referred to in Rule of Procedure 3 either cause a Summary of Evidence to be taken in accordance with Rule of Procedure 4 or an abstract of evidence to be prepared as the Convening Officer may direct. The accused shall not have the right of having a Summary taken or of demanding that the evidence at the Summary shall be

taken on oath or that any witness shall attend for cross-examination at the taking of the Summary.

5. A Military Court shall consist of not less than two officers in addition to the President, who shall be appointed by name, but no officer, whether sitting as President or as a member, need have held his commission for any special length of time. If the accused is an officer of the naval, military or air force of an enemy or ex-enemy Power the Convening Officer should, so far as practicable, but shall be under no obligation so to do, appoint or detail as many officers as possible of equal or superior relative rank to the accused. If the accused belongs to the naval or air force of an enemy or ex-enemy Power the Convening Officer should appoint or detail, if available, at least one naval officer or one air force officer as a member of the Court, as the case may be.

In default of a person deputed by H. M. Judge Advocate General to act as Judge Advocate, the Convening Officer may by order appoint a fit person to act as Judge Advocate at the trial. If no such Judge Advocate is deputed or appointed, the Convening Officer should appoint at least one officer having one of the legal qualifications as President or as a member of the Court, unless, in his opinion, such opinion to be expressed in the Order convening the Court and to be conclusive, no such officer is necessary

Notwithstanding anything in these Regulations the Convening Officer may, in a case where he considers it desirable so to do, appoint as a member of the Court, but not as President, one or more officers of an Allied Force serving under his command or placed at his disposal for the purpose, provided that the number of such officers so appointed shall not comprise more than half the members of the Court, excluding the President.

6. The accused shall not be entitled to object to the President or any member of the Court or the Judge Advocate or to offer any special plea to the jurisdiction of the Court.

7. Counsel may appear on behalf of the Prosecutor and accused in like manner as if the Military Court were a General Court-Martial, and Rules of Procedure 88-93 shall in such cases apply accordingly.:

In addition to the persons deemed to be properly qualified as Counsel under Rule of Procedure 93 any person qualified to appear before the Courts of the Country of the accused and any person approved by the Convening Officer the Court shall be deemed to be properly qualified as Counsel for the Defense.

8. (i) At any hearing before a Military Court convened under these regulations the Court may take into consideration any oral statement or any document appearing on the face of it to be authentic, provided the statement or document appears to the Court to be of assistance in proving or disproving the charge notwithstanding that such statement or document would not be admissible as evidence in proceedings before a Field General Court-Martial, and without prejudice to the generality of the foregoing in particular:-

(a) If any witness is dead or is unable to attend or to give evidence or is, in the opinion of the Court, unable so to attend without undue delay, the Court may receive secondary evidence of statements made by or attributable to such witness

(b) any document purporting to have been signed or issued officially by any member of any Allied or enemy force or by any official or agency of any Allied, neutral or enemy government, shall be admissible as evidence without proof of the issue or signature thereof

(c) the Court may receive as evidence of the facts therein stated any report of the "Committee International de la Croix Rouge" or by any representative thereof, by any member of the medical profession or of any medical service, by any person acting as a "man of confidence" (homme de confiance) or by any other person whom the Court may consider was acting in the course of his duty when making the report;

(d) the Court may receive as evidence of the facts therein stated any depositions or any record of any military Court of Inquiry or (any Summary) of any examination made by any officer detailed for the purpose by any military authority

(e) the Court may receive as evidence of the facts therein stated any diary, letter or other document appearing to contain information relating to the charge;

(f) if any original document cannot be produced or, in the opinion of the Court, cannot be produced without undue delay, a copy of such document or other secondary evidence of its contents may be received in evidence;

It shall be the duty of the Court to judge of the weight to be attached to any evidence given in pursuance of this Regulation which would not otherwise be admissible.

(ii) Where there is evidence that a war crime has been the result of concerted action upon the part of a unit or group of men, then evidence given upon any charge relating to that crime against any member of such unit or group may be received as prima facie evidence of the responsibility of each member of that unit or group for that crime.

In any such case all or any members of any such unit or group may be charged and tried jointly in respect of any such war crime and no application by any of them to be tried separately shall be allowed by the Court Order.

(iii) The Court shall take judicial notice of the laws and usages of war.

(iv) Unless the Convening Officer otherwise directs a finding of guilty and the sentence shall be announced in Open Court by the President, who shall at the same time state that such finding and sentence are subject to confirmation. If such announcement is not made in Open Court the President shall notify the accused of the finding and sentence under sealed cover at the termination of the Proceedings and record in the Proceedings that this has been done. A finding of acquittal, whether on all or some of the offences with which the accused is charged, shall not

require confirmation or be subject to be revised and shall be pronounced at once in Open Court, but the Court shall not thereupon release the accused, unless otherwise entitled to be released.

**(v)** The sittings of Military Courts will ordinarily be open to the public so far as accommodation permits. But the Court may on the ground that it is expedient so to do in the national interest or in the interests of justice, or for the effective prosecution of war crimes generally, or otherwise, by order prohibit the publication of any evidence to be given or of any statement to be made in the course of the proceedings before it, or direct that all or any portion of the public shall be excluded during any part of such proceedings as normal take place in Open Court, except during the announcement of the finding and sentence pursuant to paragraph (iv) above.

**(vi)** A record shall be made of the Proceedings of every Military Court.

9. A person found guilty by a Military Court of a war crime may be sentenced to and shall be liable to suffer any one or more of the following punishments, namely:-

**(i)** Death (either by hanging or by shooting);

**(ii)** Imprisonment for life or for any less term;

**(iii)** Confiscation;

**(iv)** A fine.

(v) Unless authorized by his Majesty administer Hawaiian Kingdom Laws Penal Code of 1846. By Laws of Occupations of the International code of conduct.

In a case where the war crime consists wholly or partly of the taking, distribution or destruction of money or other property the Court may as part of the sentence order the restitution of such money or other property and in default of complete restitution award a penalty equal in value to that which has been so taken, distributed or destroyed or not restored.

Sentence of death shall not be passed on any person by a Military Court without the concurrence of all those serving on the Court if the Court consists of not more than three members, including the President, or without the concurrence of at least two-thirds of those serving on the Court if the Court consists of more than three members, including the President.

10. The accused may within 14 days of the termination of the Proceedings in Court submit a Petition to the Confirming Officer against the finding or sentence or both provided that he gives notice to the Confirming Officer within 48 hours of such termination of his intention to submit such a Petition. The accused shall have no right to submit any Petition otherwise than as aforesaid.

Provided that if such Petition is against the finding it shall be referred by the Confirming Officer, together with the Proceedings of the trial, to His Majesty's Judge Advocate General or to any

Deputy of his approved by him for that purpose in the Command overseas where the trial took place for advice and report

**11.** The finding and any sentence which the Court had jurisdiction to pass may be confirmed and, if confirmed, shall be valid, notwithstanding any deviation from these Regulations, or the Rules of Procedure or any defect or objection, technical or other, unless it appears that a substantial miscarriage of justice has actually occurred.

**12.** When a sentence passed by a Military Court has been confirmed, the following authorities shall have power to mitigate or remit the punishment thereby awarded or to commute such punishment for any less punishment or punishments to which the offender might have been sentenced by the said Court; that is to say h rank of

**(i)** The secretary of State for War or any officer not below Major-General authorized by him; and

**(ii)** Where so agreed between the said Secretary of State for War and the Secretary of State for Foreign Affairs (a) the Secretary of State for Foreign Affairs, or (b) where an offender convicted by a military court is undergoing sentence in the Hawaiian Kingdom Laws of Hawaii, designated by His Majesty's Government, if authorized by the Secretary of State for Foreign Affairs, or any other person, so authorized, who may, for the time being, be discharging the functions of the High Commissioner as aforesaid.

**13.** In any case not provided for in these Regulations such course will be adopted as appears best calculated to do justice.

By Command of United States Pacific Command, Mr. Samuel J. Locklear and Harry B. Harris Jr.

By Commanded His Majesty of the Hawaiian Islands of King Kamehameha I, Monarchy, Under His Grace Supervision and Sovereign Authority of:

His Kingdom on this date: December 15, 2014

*[signature]*

KING KAMEHAMEHE VII, NII LOA MOI KAPU
WAI WAI LOHEI ENEI PAU



HAWAIIAN KINGDOM OF KING KAMEHAMEHA I
GREAT SEAL OF HAWAII 2014

**His Majesty** sees this deem fit to prosecute names in this proceedings:

Count 1. Misprision of felony, *prima facie* accomplish to felonies

Failure to render aid to the **Head of State of the Hawaiian Kingdom** Sovereign Immunity for **King Kamehameha VII, Ni'i Loa Moi Kapu.**

**United States Ninth Circuit of Appeals San Francisco**

1. Judge Alfred T. Goodwin     Pasadena, Cali.    Senior Circuit Judge

2. Judge Johnnie B. Rawlinson     Los Vegas            Circuit Judge

**United States District Court District of Hawai'i**

3. Judge Barry M. Kurren           Honolulu           Magistrate Judge

**Title Guaranty of Hawaii, Inc. 235 Queens Street, Honolulu 96813.**

4. Glen Ajimaine                             Senior Vice President

5. Jeremy True Blood                      Branch Manger

**McCorriston, Miller, Mukai, MacKinnon LLP**

6. William C. McCorriston                 Senior Attorney

7. David Dana Day                         Jr. Attorney

8. Michelle Fujimoto TRO against his Majesty, Manager of Haiku House

**On this day set fourth December 15, 2014**



**Majesty King Kamehameha VII, Ni'i Loa Moi Kapu**

HAWAIIAN KINGDOM OF KING KAMEHAMEHA I
GREAT SEAL OF HAWAII 2014

This Hawaiian Kingdom Royal Warrant is base on:

Nuremberg Trials Final Report Appendix E :
Royal Warrant - Regulations for the Trial of War Criminals * Source: Final report to the Secretary of the Army on the Nuremberg War Crimes Trials under Control Council law No. 10 Washington, DC : Government Printing Office, 1949

Enclosure

cc:      Admiral Samuel J. Locklear III, USN
          HQ US Pacific Command
          Attn: JOO
          Box 64028
          Camp H.M. Smith, HI 96861-4031


          Mrs. Fatou Bensouda
          Prosecutor, International Criminal Court
          P.O. Box 19519
          2500 CM The Hague, The Netherlands